

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

*affirms Opinion*
*WW-118*

*C-693 amends Summary*

WAGGONER CARR
ATTORNEY GENERAL

February 22, 1966

Honorable W. C. Lindsey
Criminal District Attorney
Jefferson County
Beaumont, Texas

Opinion No. C-622

Re: Under the stated facts
whether the organization
in question is acting
illegally under the laws
of the State of Texas and
in particular, in viola-
tion of the "Texas Open
Saloon Law" (Art. 666-3
and Art. 667-3, V.P.C.)

Dear Mr. Lindsey:

In your request for an opinion of this office, you
state the following facts and ask the following questions:

"A fraternal organization is furnishing,
on its premises, mixed alcoholic beverages and
beer to its members for a cash consideration
here in Jefferson County. They are doing so
under the 'Locker System' and/or 'Pool System'
as same is described in Article 666-15 (e)
Section 1(b) and (c), Penal Code of Texas.
This organization does not have from the State
of Texas, or any of its agencies or subdivi-
sions, a license or permit to deal in alcoholic
beverages, nor does it have a private club regis-
tration permit from the Texas Liquor Control
Board. We feel that it is a 'Fraternal Club'
as that term is used in Art. 666-15 (e) Sec. 12,
Texas Penal Code.

"Under the above facts, we request your
opinion on the following:

"1. Is the organization acting illegally
under the laws of the State of Texas and in
particular, in violation of the 'Texas Open
Saloon Law' (Art. 666-3, Penal Code) and

Art.667-3, Penal Code?

"2. May such an organization obtain a
Private Club Registration Permit under the
laws of the State of Texas?

" . . . ."

The controlling question appears to be whether the
fraternal organization is exempt from the application of the
statute, being House Bill 892, Acts of the 57th Legislature,
Regular Session, Ch. 262, p. 559. (Codified in Vernon's
Penal Code as Article 666-15(e) of the Texas Liquor Control
Act).

Section 1A (Art. 666-15e /12/, V. P. C.) of the subject
act provides:

"Provided, however, that nothing in
Section 15(e) of Article 1 of the Texas
Liquor Control Act shall apply to Fraternal
or Veterans Clubs."

In Attorney General Opinion No. WW-1118 (1961)
this office had occasion to consider this question and to
hold that veterans and fraternal organizations were "exempt"
from the application of such Act. To "exempt" from the law
means to relieve, excuse, or set free from a charge, duty,
burden or liability imposed upon the general class to which
the individual exempted belongs. Black's Law Dictionary,
Third Ed., p. 720; 34 C.J.S. 1377-1378, "Exempt", and cases
cited. According to the latter text, when used as a verb,
"The term is not a technical one but is a plain English
word, meaning to clear, to except or excuse from some
burdensome condition or obligation or the operation of
some law to which others are subject. . .".

Thus the term "exempt" must be distinguished from
the term "exclude", which, according to 33 C.J.S. 111,
"Exclude", is "A word in common usage, defined as meaning
to shut out. . . or prohibit; to preclude; also to except
. . .". It is apparent that the legislature expressed its
intention under the act clearly and unambiguously to
relieve fraternal organizations from the operation of the
law in question and from any duty or liability to qualify
under same. The language used is too clear for construction.

As stated in 53 Tex.Jur.2d 174, Statutes, Sec. 123,

"There is no room for construction when the law is expressed in plain and unambiguous language and its meaning is clear and obvious. In such a case the law will be applied and enforced as it reads, regardless of is policy or purpose, or the justice of its effect. In other words, a court is not authorized to indulge in conjecture as to the intention of the legislature, or to look to the conse-quences of a particular construction, unless the meaning of the statute is doubtful."

The intent of the Legislature being clearly ascer-tainable, it must be followed and govern even though a literal meaning of the words used in the statute is not followed. The Statute should never be given a construction that leads to uncertainty, injustice, or confusion. Woods v. State ex rel. Lee, 133 Tex. 110, 126 S.W.2d 4, 7 (1939).

We here reaffirm and concur in correctness of Attorney General Opinion No. WW-1118 (1961) and the necessary implica-tions of such opinion. It necessarily follows that the organi-zations inquired about are not excluded but are exempted from the Act. Any other ruling would necessarily declare that the fraternal and veterans organizations were excluded from the Act entirely and not entitled to operate a private club. Such a construction would render that portion of the law unconstitutional because it would constitute illegal class legislation. This is so because legislation which accords unequal treatment to persons similarly situated is held to violate the equal protection clause of the federal consitu-tion. Associated Indemnity Corp. v. Oil Well Drilling Co., 258 S.W.2d 523, affirmed, 153 Tex. 153, 264 S.W.2d 697 (1955). If an individual be denied a facility or convenience which is furnished to others under substantially the same circum-stances, he may properly complain of the invasion of his constitutional rights to equal protection of the law. Beal v. Holcombe, 193 F.2d 384, cert. den. 74 S.Ct. 783, 347 U.S. 974 (1951). Even though the Texas Liquor Control Act is an exercise of the police power, such power is subject to judi-cial review and may not be extended to deprive citizens of property without equal protection of the law. Missouri-

Kansas-Texas R. Co. of Texas v. Rockwall County Levee Imp. Dist. No. 3, 117 Tex. 34, 297 S.W.206 (1927); Harvey v. Morgan, 272 S.W.2d 621 (Tex.Civ.App. 1954, error ref., n.r.e.). Since it is the duty of a court wherever possible to indulge a construction in favor of validity and constitutionality (53 Tex.Jur.2d 225, Statutes, Sec. 158), we must reject that construction.

We are reinforced in our opinion by the further fact that if the statute is subject to construction, then the Legislature has twice met in regular session since Attorney General Opinion WW-1118 (1961) and has acquiesced in such ruling of "exemption" and not seen fit to amend, alter, or change the Act in this respect as interpreted and followed by the Attorney General. Such departmental construction will ordinarily be adopted and upheld under these circumstances. 53 Tex.Jur.2d 259, 262, Statutes, Sec. 177, and cases cited. The doctrine of legislative acceptance would thus be applicable and the Legislature must be deemed to have accepted such construction. Huey & Philp Hardware Co. v. Shepperd, 151 Tex. 462, 251 S.W.2d 515 (1952); Calvert v. Houston Lighting & Power Co., 369 S.W.2d 502 (Tex.Civ.App., 1963 error ref., n.r.e.).

Although apparently the exempted organizations have generally been following the above construction, we further note that during the past five-year period no case has reached the appellate courts in which the correctness of this construction has been challenged. We hold, therefore, that the veteran and fraternal organizations are not required to obtain a permit, the law being inapplicable to them, and they are not in violation of the "Texas Open Saloon Law", Art. 666-3 and Art. 667-3, V.P.C., merely by failure to obtain a permit or otherwise comply with the provisions of Sec. 15 (e) of Art. 666.

This opinion shall not be construed to mean that the veterans and fraternal organizations are exempted from other provisions of the Texas Liquor Control Act and which are not covered in Sec. 15 (e), Art. 666, V.P.C.

# S U M M A R Y

Fraternal or Veterans Clubs are "exempt" from the provisions of Section 15 (e) of Art. 666, V.P.C., and are not in violation thereof or acting illegally in selling alcoholic beverages to its members on its premises without a license or permit as provided for and required in such law for those not so exempt from its provisions or requirements.

Yours very truly,

WAGGONER CARR
Attorney General

By: *Kerns B. Taylor*
Kerns B. Taylor
Assistant

KBT:cf

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Robert Flowers
John Fainter
John Pettit
Ralph Rash

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright